LLOMPART ET AL., PETICIONARIOS, *v.* LA CORTE DE DISTRITO DE HUMACAO, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Humacao en un procedimiento ejecutivo hipotecario.

No. 269.—Resuelto en marzo 26, 1920.

CERTIORARI.—Cuando expedido el auto de certiorari, del récord elevado no aparece diáfano el derecho (*clear right*) que asiste al peticionario para obtener el remedio que solicita, procede anular el auto expedido.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. M. Tous Soto y Rafael Arce.*

Abogado del demandado: *Sr. Francisco González.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Está sujeto a nuestra revisión el procedimiento original seguido en la Corte de Distrito de Humacao por Antero, Natalio, Andrea y Concepción Llompart y Pereira contra Isolina Díaz y Rodríguez sobre cobro de crédito hipotecario, procedimiento elevado a esta Corte Suprema a virtud de recurso de *certiorari* ejercitado por los demandantes Llompart y Pereira contra el juez de dicha corte para que se declare nula la orden que dictó en 8 de diciembre de 1919 por la que dejó sin efecto orden anterior de 18 de octubre del mismo año, ordenando el requerimiento de pago de la demandada Díaz Rodríguez.

En la demanda inicial del procedimiento, su fecha 8 de octubre de 1919, alegan los demandantes que por escritura pública de 28 de mayo de 1902 inscrita en el Registro de la Propiedad de Caguas, Juana Borrás y Ginard hipotecó a favor de Jaime Llompart y Prats una casa de su propiedad en garantía de un préstamo de $2,000 a pagar en 28 de mayo de 1907 a razón de $400 anuales, garantizando además la misma hipoteca los intereses de dicha cantidad al 1 por ciento mensual hasta la suma de $1,200, y $100 más para reintegro de gastos judiciales; que Jaime Llompart falleció en 19 de diciembre de 1905 habiendo sido declarados herederos del mismo por resolución de la Corte de Distrito de Humacao de 2 de abril de 1919 *sus cuatro hijos legítimos naturales reconocidos,* los demandantes, quienes inscribieron en el expresado registro su derecho hereditario; que Isolina Díaz Rodríguez en virtud de sucesivos traspasos llegó a ser dueña de la finca hipotecada, por escritura pública de 19 de julio de 1911; que la suma prestada y sus intereses no fueron oportunamente satisfechos; que la casa de que se trata está sujeta además a una primera hipoteca de la que actualmente es cesionario Pedro Orcasitas Muñoz, y a un embargo a favor de Celestino Solá Rodríguez; que la suma adeudada asciende a $3,200, a saber, $2,000 de capital y $1,200 de intereses; y que los demandantes se sujetan a indemnizar cuantos daños y perjuicios irrogaren a la deudora o a terceros

interesados por malicia o negligencia en la fiel exposición de los hechos.

La demanda concluye con la súplica de que Isolina Díaz Rodríguez sea requerida para que en el término de treinta días a contar desde la fecha del requerimiento, pague a los demandantes la cantidad de $2,000 por capital y $1,200 de intereses, con más $100 como reintegro de costas y que de no verificar el pago se proceda por el márshal a vender la finca hipotecada, notificándose la ejecución a Pedro Orcasitas Muñoz y a Celestino Solá.

A la demanda se acompañaron el título de constitución de la hipoteca con nota de su inscripción en el registro de la propiedad, y una certificación librada en 24 de septiembre de 1919 por el Registrador de la Propiedad de Caguas, de la cual según afirman los demandantes aparecen los extremos relacionados en el inciso 3º. del artículo 169 del reglamento para la ejecución de la Ley Hipotecaria.

La Corte de Humacao por orden de diez y ocho de octubre de 1919, ordenó el requerimiento, de pago en los términos solicitados, y verificado el requerimiento, la requerida Isolina Díaz Rodríguez radicó moción en 29 de noviembre de 1919 para que fuera reconsiderada y dejada sin efecto la orden de 18 de octubre, por el fundamento principal de que existía pendiente en apelación ante esta Corte Suprema otro pleito entre las mismas partes sobre cobro de la misma hipoteca, a cuya moción se opuso la representación de los demandantes invocando el artículo 175 del reglamento para la ejecución de la Ley Hipotecaria.

La Corte de Humacao por orden de ocho de diciembre de 1919 declaró con lugar la moción y dejó sin efecto la orden de 18 de octubre por entender que el artículo 175 del Reglamento de la Ley Hipotecaria no era de aplicación estricta a un caso como el presente ni había ley ni jurisprudencia que permitiera seguir dos procedimientos distintos para el cobro de una misma deuda.

Esa es la orden que los peticionarios solicitan se anule,

dejando en toda su fuerza y vigor el auto de 18 de octubre de 1919.

No dudamos que contra esa orden de 8 de diciembre de 1919, pudieron ejercitar los peticionarios recurso de apelación, pues ella equivale a la orden que originariamente hubiera denegado el requerimiento de pago, la cual hubiera sido apelable según el apartado 2°. del artículo 170 del Reglamento de la Ley Hipotecaria.

Pero aunque el recurso de apelación no es obstáculo al de *certiorari* cuando éste es más adecuado, rápido y eficaz para los fines de la justicia, nos abstenemos de resolver si la orden cuya nulidad se pide fué dictada con infracción del artículo 175 del Reglamento de la Ley Hipotecaria, pues nada adelantaríamos con ello toda vez que en el caso hay envueltas otras cuestiones legales merecedoras de consideración y estudio antes de establecer la improcedencia de la mencionada orden.

En el récord que original tenemos a la vista, falta copia literal de la resolución por la que los peticionarios fueron declarados herederos de Jaime Llompart, documento muy importante por las consecuencias a que puede dar lugar la declaratoria de ser herederos de Llompart sus cuatro hijos ilegítimos naturales reconocidos, los peticionarios; y la certificación del Registrador de la Propiedad de Caguas acompañada a la demanda no contiene *copia literal* de los gravámenes a que está afecta la finca hipotecada ni de las inscripciones de trasmisión de dicha finca a favor de terceros. Tampoco la demanda enumera las razones jurídicas determinantes de la certeza, la subsistencia y la exigibilidad del crédito y de la competencia de la corte, requisitos todos que deben llenarse entre otros al promover el procedimiento hipotecario, según ordena el artículo 169 del reglamento para la ejecución de la Ley Hipotecaria.

Aunque las cuestiones legales envueltas en la falta de cumplimiento de los requisitos expresados con relación al auto revocatorio del de requerimiento de pago a Isolina Díaz Ro-

dríguez, no han sido debidamente argumentadas ante esta corte, han surgido dudas en nuestro ánimo, ante el examen del récord, sobre si el requerimiento de pago fué ordenado o no con razón derecha, y a los peticionarios les incumbía mostrar claramente su derecho. En ausencia de una convicción de que a los peticionarios les asiste un derecho diáfano (*clear right*) y teniendo en cuenta que el auto de *certiorari* no es de procedencia obligatoria (*writ of right*) sino que la corte está investida de discreción judicial para concederlo o rehusarlo según lo exigiera la justicia en cada caso, procede anular el expedido en diciembre 19, 1919, devolviéndose a la corte de Humacao los procedimientos originales elevados, para fines no inconsistentes con esta opinión.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.