BLONDET, DEMANDANTE Y APELADA, *v.* BENÍTEZ ET AL., DEMANDADOS Y APELANTES.

No. 3285.—*Visto:* Mayo 20, 1924.  *Resuelto:* Junio 17, 1924.

PROCEDIMIENTO EJECUTIVO HIPOTECARIO—SUSPENSIÓN DEL PROCEDIMIENTO EJE-CUTIVO—RESOLUCIÓN NO APELABLE.—Aunque por falta de jurisdicción sea nulo *prima facie* un procedimiento ejecutivo hipotecario, el ataque de nulidad no puede hacerse en el mismo procedimiento, y si se hace y la moción se deniega, la resolución negatoria no es apelable.

RESOLUCIÓN de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar moción solicitando nulidad de procedimiento hipotecario.  *Desestimada la apelación.*

*Campillo & Campillo* y *M. Tous Soto,* abogados de los apelantes; *R. H. Blondet,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

A los efectos solamente de la vista, este caso ha sido acumulado al No. 3152, resuelto en el día de hoy.  Las cuestiones fundamentales son idénticas.  La única variación consiste en que las mismas defensas del apelante, de que ha hecho mérito en el pleito anterior, han sido presentadas en el mismo procedimiento hipotecario mediante moción pidiendo la nulidad de los procedimientos.

*A priori* parecería que pudiera aplicarse el principio general de que tratándose de las mismas partes y en el mismo pleito se podía solicitar directamente por la parte perjudi-

cada la nulidad de los vicios de procedimiento en que se hubiese incurrido.   Pero estos principios no tienen aplicación a un procedimiento tan especial y sumario como el hipotecario.   La Ley Hipotecaria y su Reglamento no permiten la interrupción ni entorpecimiento de dicho procedimiento sino en casos ya especificados.   En los demás casos se ha de acudir al juicio ordinario.   De manera que únicamente se permite el ataque directo dentro del mismo procedimiento, conforme a la regla general, por los motivos que taxativamente señala el artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, a saber:

"1º Si se justificare documentalmente la existencia de un procedimiento criminal por falsedad del título hipotecario en cuya virtud se proceda, en que se haya admitido querella o dictado auto de procesamiento.

2º Si se interpusiere una tercería de dominio, acompañando inexcusablemente con ella título de propiedad de la finca de que se trate, inscrito a favor del tercerista con fecha anterior a la inscripción del crédito del ejecutante y no cancelado en el registro.

3º Si se presentare certificado del registrador, expresivo de quedar cancelada la hipoteca en virtud de la cual se proceda, o copia auténtica de la escritura pública de cancelación de la misma, con la nota de presentación en alguno de los registros en donde se haya de tomar razón de ella, otorgada por el actor o por sus causantes o causahabientes, acreditándose también documentalmente el título de transmisión en su caso.

    *       *       *       *       *       *       *

Pero no ocurre lo mismo con las demás reclamaciones que después señala dicho artículo y que pueden ventilarse por ataque colateral en juicio plenario.

Por otra parte, en vista del resultado a que hemos llegado en el caso No. 3285 a que se hizo referencia al principio de esta opinión, la apelación no tendría ninguna finalidad práctica, y, en cualquier caso, la orden de la corte inferior no es apelable.

*La apelación debe desestimarse.*