PEDRO MIRANDA GONZÁLEZ, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER DÍAZ, JUEZ, demandada.

No. 676.—*Sometido:* Diciembre 2, 1929. *Resuelto:* Diciembre 17, 1930.

620

*J. Henri Brown, C. Ruiz Nazario* y *G. E. González*, abogados del peticionario; *Juan B. Soto*, abogado del interventor.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Ramón Lloveras Soler cedió en arrendamiento un teatro a Francisco Rodríguez, a condición de que éste diera una garantía para el cumplimiento de su contrato por la suma de $2,500 en forma de una fianza de compañía de seguros, de un depósito en efectivo, o de una fianza hipotecaria.

Un instrumento titulado "Fianza Hipotecaria" otorgado posteriormente por el peticionario en el presente caso, después de exponer la condición del contrato de arrendamiento lee en parte como sigue:

"Fianza

"Primera: El señor Pedro Miranda González, por derecho propio, y como apoderado de su esposa doña Raquel Quevedo y Géigel, para garantizar al señor Lloveras del cumplimiento del contrato de Arrendamiento que este señor ha hecho al señor Rodríguez del Teatro Cine 'Puerto Rico', entrega en este acto y a mi presencia, al propio señor Lloveras, la cantidad de Quinientos Dólares, y como apoderado de su esposa la señora Raquel Quevedo y Géigel, constituye Fianza Hipotecaria a favor del mencionado señor Ramón Lloveras, por la suma de Dos Mil dólares de capital, y de la suma de Doscientos dólares para costas y honorarios de abogado, en caso de reclamación judicial, sobre la siguiente: . . . ."

Posteriormente, Lloveras instó un pleito contra Rodríguez, sobre rescisión del contrato de arrendamiento y daños y perjucios. Una sentencia a favor de Lloveras por daños

y perjuicios en la suma de $4,500 y costas expresa que Rodríguez compareció en el juicio representado por su abogado y manifestó que había cedido sus derechos en el contrato de arrendamiento a la Santurce Theater Company, y que no tenía interés en el asunto. No adujo defensa alguna, y la sentencia se basó en la prueba practicada por el demandante.

Lloveras entonces instituyó un procedimiento sumario de ejecución de hipoteca. En unión a otros documentos, acompañó a su petición original como *exhibits,* copias certificadas de la "fianza hipotecaria," de la relación del caso y opinión, y de la sentencia.

Basado en esa documentación, el juez de distrito autorizó la expedición de un requerimiento de pago que fué notificado a Miranda, demandado en el procedimiento sumario y peticionario en el presente recurso.

Miranda, quien no se ha demostrado tuviera conocimiento previo del litigio entablado por Lloveras contra Rodríguez ni de la sentencia que en el mismo recayó, compareció en el procedimiento ejecutivo sumario y solicitó la reconsideración de la orden autorizando el requerimiento de pago.

En apoyo de la resolución declarando sin lugar la moción de Miranda, el juez de distrito cita los artículos 170 y 175 del Reglamento para la Ejecución de la Ley Hipotecaria, y los casos de *Jiménez* v. *Brenes,* 10 D.P.R. 128; *American Trading Co.* v. *Monserrat,* 18 D.P.R. 273; y *Blondet* v. *Benítez,* 33 D.P.R. 413.

Los artículos 170 y 175 del Reglamento leen en parte como sigue:

"Artículo 170.—El juez examinará el escrito y los documentos que lo instruyan, y si considera cumplidos los requisitos legales, sin más trámites, dictará auto, mandando requerir a los que, según la certificación del registro, estuvieren en posesión de los bienes hipotecados, ora los conserve el deudor, ora se hayan transmitido a tercero en todo o en parte, para que dentro de treinta días verifiquen el pago de la suma reclamada con las costas, si también estuviesen hipoteca-

riamente garantidas, bajo apercibimiento de procederse a la subasta de los bienes hipotecados.

"Cuando el juez no considere cumplidos dichos requisitos, denegará también por medio de auto, en este caso apelable en ambos efectos, el requerimiento solicitado . . ."

"Artículo 175.—Los procedimientos sumarios a que se refiere esta sección, no podrán suspenderse por medio de incidentes ni por otro alguno, a instancia del deudor, del tercer poseedor, ni de ningún otro que se presente como interesado, salvo en los casos siguientes: . . ."

La versión inglesa del artículo 175 es incorrecta. Las palabras *or any other issues raised by the debtor* deberían leer *or any other proceeding at the instance of the debtor.*

▇▇ Evidentemente, la orden que un juez debe dictar de acuerdo con la fraseología del artículo 170, si hallare que no se han cumplido las disposiciones de la ley, no es una cuestión incidental ni otro procedimiento, dentro del significado del artículo 175. La naturaleza de la cuestión jurisdiccional preliminar es la misma, ora se determine esa cuestión después de una ligera ojeada de la petición y de los documentos instruyéndola, o después de la reconsideración de una orden ya dictada y luego de haberse examinado nuevamente los documentos ofrecidos. Tampoco puede la naturaleza de esa cuestión ser afectada por el hecho de que una reconsideración fuera solicitada por una parte en el procedimiento. Esa es una cuestión que debe ser resuelta por el juez de distrito, y una orden dejando sin efecto una providencia anterior para la expedición de un emplazamiento o de un requerimiento de pago y declarando sin lugar la petición, no es más interrupción del procedimiento ejecutivo sumario que lo hubiera sido una orden desestimando tal petición inmediatamente después de ser presentada.

En *Llompart* v. *La Corte de Distrito de Humacao,* 28 D. P.R. 226, este tribunal resolvió que una resolución dictada a moción de un demandado en un procedimiento ejecutivo dejando sin efecto una resolución anterior ordenando el requerimiento de pago, "equivale a la orden que originaria-

mente hubiera denegado el requerimiento de pago.'' Si después de autorizar el requerimiento de pago el juez de distrito descubriere, al practicar un examen ulterior de los documentos acompañados a la petición, que la hipoteca había sido cancelada en el registro de la propiedad, o que el acreedor hipotecario había concedido una prórroga, difícilmente podría sostenerse que una resolución dejando sin efecto la orden anterior sobre requerimiento de pago caería dentro de la prohibición del artículo 175. La corte no agota su facultad al autorizar el requerimiento de pago, ni pierde todo dominio sobre tal procedimiento, sino que, al descubrir cualquier defecto jurisdiccional que es aparente de la faz de la petición o de los documentos unidos a la misma, puede dejar sin efecto su resolución original, bien a iniciativa propia o a instancia de una de las partes en el procedimiento.

Los casos citados por el juez de distrito no van al grano, y los fundamentos por los cuales la moción del demandado fué denegada, son insostenibles.

■ Si al otorgar la fianza hipotecaria, Miranda asumió o no alguna obligación personal, es cuestión de intención, y depende de la interpretación que se dé a ese documento. Esa es cuestión que no es necesario decidir ahora. De todas formas, la suma especificada en el documento no es una penalidad ni una indemnización líquida. La existencia misma del gravamen está sujeta a la condición, por necesaria inferencia, de que Rodríguez no cumpliera su obligación personal. Si el mismo Rodríguez hubiese otorgado tal instrumento afectando sus propios bienes para garantizar el cumplimiento por parte suya de su contrato con Lloveras, el establecimiento de dos hechos habría sido un requisito previo indispensable para instituir el procedimiento ejecutivo sumario. El gravamen así creado no habría podido ejecutarse hasta que se demostrara que Rodríguez había quebrantado su contrato y hasta que se probara que se había fijado la cantidad adeudada bajo tal contrato o la indemnización por el quebrantamiento del mismo. Tampoco se habría podido determinar el alcance

de su responsabilidad, ni mediante las alegaciones de la petición en el procedimiento ejecutivo sumario, ni a virtud de ningún procedimiento judicial del que no se hubiera notificado a Rodríguez. No hay razón alguna para que el mismo derecho le sea negado al aquí demandado.

Puede admitirse, sin resolverlo, que Miranda no era una parte necesaria en el pleito contra Rodríguez. El punto es que no puede determinarse la suma de que responden los bienes de Miranda por la obligación de Rodríguez o por los daños provenientes del quebrantamiento por parte de Rodríguez de esa obligación en un pleito del que Miranda no tenía conocimiento; y hasta que el alcance de tal responsabilidad haya sido fijado, los bienes de Miranda no pueden ser embargados y vendidos en un procedimiento ejecutivo sumario.

*Debe revocarse la resolución de la corte de distrito declarando sin lugar la moción de reconsideración del demandado.*