MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandante y apelante, *v.* SUAU, FIOL & Co., demandada y apelada.

No. 6651.—*Sometido:* Febrero 15, 1935. *Resuelto:* Marzo 31, 1936.

*Hon. Procurador General B. Fernández García, R. Cordovés Arana,
Procurador General Auxiliar y C. Santana Becerra,* abogados del
apelante; *Juan B. Soto* y *Juan F. Soto,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 13 de noviembre de 1932, Manuel V. Domenech, que
era a la sazón Tesorero de Puerto Rico, inició procedimiento
ejecutivo sumario contra Suau, Fiol y Cía., para recobrar la
suma de $13,500, más intereses vencidos. Al presentarse la
petición inicial la Corte de Distrito de Aguadilla libró reque-
rimiento de pago en debida forma. Entonces el 15 de diciem-
bre de 1933 el supuesto deudor acudió a la corte y solicitó se
anulara el requerimiento. Luego de varias mociones y órde-
nes y de otros incidentes la corte anuló el requerimiento. El
demandante radicó el pagaré y solicitó se expidiera un nuevo
requerimiento. Se apela de la orden denegando la expedi-
ción de un nuevo requerimiento de pago.

La hipoteca en este caso fué otorgada para garantizar un
pagaré negociable. La teoría de la corte era en parte que
la demanda no aducía que el pagaré que estaba garantizado
por la hipoteca, había sido debidamente endosado al deman-
dante y también, según lo entendemos, que el pagaré no acom-
pañaba la petición inicial.

El señalamiento de errores lee así:

"1. Erró la corte inferior al permitir la comparecencia de la demandada en dicho caso.

"2. Erró la corte inferior al dejar sin efecto o valor alguno el requerimiento de pago notificado a la demandada.

"3. Erró la corte inferior *a quo* al negarse a expedir el auto de requerimiento radicado por el demandante apelante en 18 de enero de 1934."

■ Convenimos con la corte inferior en que cuando exista una cuestión de jurisdicción y la corte considera que ha expedido indebidamente un requerimiento de pago, ella puede, voluntariamente o a instancias del deudor, volver sobre sus pasos y anular el requerimiento. *Miranda* v. *Corte,* 41 D.P. R. 619. En el presente caso la corte anuló el auto de requerimiento ya expedido, y se negó a expedir un nuevo auto a solicitud del promovente, quien incorporó a los autos con el escrito inicial el pagaré original con su endoso.

■ La petición en este caso contenía la siguiente cláusula:

"5. Que el Banco Industrial de Puerto Rico el día 9 de agosto de 1929 entregó al demandante dicho pagaré de $13,500 y desde dicha fecha el demandante es dueño del derecho de hipoteca a que se refiere el apartado tercero de la presente escritura."

Estamos contestes con la corte inferior en que la entrega de un pagaré no siempre transfiere el título necesariamente, pero cuando la alegación relativa a la entrega va unida, como en el presente caso, a la de la tenencia del crédito, y cuando el escrito inicial viene acompañado del pagaré con su endoso, formando parte del mismo, entendemos que se ha cumplido con los requisitos exigidos por la Ley Hipotecaria.

Con las otras alegaciones de la petición, la relativa a la tenencia del crédito hipotecario equivalía a la alegación de la tenencia del pagaré.

■ Después que la corte había anulado su orden, el demandante acudió ante ella, presentó el pagaré original con

su endoso y solicitó se expidiera un nuevo requerimiento, lo que la corte se negó a hacer en una opinión fundamentada.

El pagaré estaba expedido a favor del Banco Industrial de Puerto Rico. Al dorso del mismo aparecía lo siguiente:

"Banco Industrial de Puerto Rico,
"Por (fdo.) M. B. Pérez, Jr.,
"Sub-Gerente."

Este era un endoso en blanco, suficiente bajo la Ley Hipotecaria para transferir el título si el endoso por otra parte cumplía esencialmente con la ley. Artículos 152 y 153 de la Ley Hipotecaria.

El apelado en su alegato llama nuestra atención hacia el hecho de que en el aludido endoso solamente aparecían cier-- tas palabras impresas. Sin embargo, como la corte inferior no tuvo duda alguna respecto a la firma, asumiremos que aparentemente era genuina.

La corte parece decir que el demandante no demostró que el pagaré fué endosado a él, o sea al aquí apelante, pero según hemos indicado, y conforme resolvemos, un pagaré endosado en blanco es suficiente para transferir el título.

■■ Se alega que el endoso era insuficiente porque no contenía la fecha. El artículo 462 del antiguo Código de Comercio leía así:

"El endoso deberá contener:
"1. El nombre y apellido, razón social o título de la persona o Compañía a que se transmite la letra.
"2. El concepto en que el cedente se declare reintegrado por el tomador, según se expresa en el número 5 del artículo 444.
"3. El nombre y apellido, razón social o título de la persona de quien se recibe o a cuenta de quien se carga, si no fuere la misma a quien se traspasa la letra.
"4. La fecha en que se hace.
"5. La firma del endosante o de la persona legítimamente autorizada que firme por él, lo cual se expresará en la antefirma."

Tenemos la idea de que para fines mercantiles corrientes esta disposición del Código de Comercio (inciso 4, supra) por

interpretación o en alguna otra forma, estaba en gran parte en desuso al tiempo de efectuarse el endoso en cuestión. Para el futuro, el nuevo Código de Comercio ha obviado esta clase de discusión. No entraremos a considerar todas las personas y condiciones que podrían ser afectadas por la disposición que exige la fecha, mas no creemos que fuera jamás la intención de la Legislatura incluir el caso de un pagaré otorgado a la orden de un tercero. Cuando se endosa un pagaré y se transfiere el mismo sin fecha, no tenemos duda alguna de que el endosatario adquiere derechos como tenedor, suficientes para instituir un procedimiento bajo la Ley Hipotecaria. El deudor no puede ser perjudicado más o en forma distinta de lo que lo hubiera sido si el endoso hubiera contenido la fecha. Igualmente el endosante que originalmente tenía el título tampoco puede quejarse de la falta de la fecha o alegar derechos debido a la ausencia de ésta en el endoso. Estaría enteramente impedido (*estopped*).

El apelado en su alegato hace referencia a los dos primeros párrafos del artículo 169 del Reglamento para la Ejecución de la Ley Hipotecaria, que proveen:

"Con el escrito inicial del procedimiento se han de presentar:

"Primero: Los comprobantes de la personalidad, incluso los que acrediten el mandato del procurador, cuando no gestione por sí el mismo acreedor o su legal representante.

"Segundo: El título o los títulos del crédito con nota de su inscripción y con las formalidades que la Ley de Enjuiciamiento Civil exige para autorizar mandamientos de ejecución."

El primer párrafo se refiere a la personalidad del demandante y no puede haber duda alguna en este caso de que Manuel V. Domenech, en su carácter de Tesorero, era el demandante. Fué debidamente identificado por la comparecencia de sus letrados en el caso.

La cuestión de título queda cubierta por las anteriores consideraciones.

De la exposición que antecede es aparente que la corte en este caso no debió haberse negado a expedir el nuevo auto

de requerimiento solicitado por el promovente. Prima facie se ha establecido un título que puede servir de base al procedimiento ejecutivo sumario iniciado por el promovente para hacer efectivo su crédito.

Para resumir, somos de opinión que la demanda aducía hechos últimos (*ultimate facts*) en forma suficiente, y que aún si los hechos fueron expresados en forma algo dudosa, no existió razón alguna para negar el remedio solicitado.

*Debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Travieso no intervino.