## No. 10,183.

### GERMANIA SAVINGS BANK vs. GEORGE PEUSER.

The garnishee admits that he has a specific sum in his hands which he received from the defendant, but alleges that he received and holds it for his mother, and, therefore in answer to interrogatories, denies indebtedness to defendant or possession of any property belonging to him. The mother intervened in the suit and asserted her right to the fund. On a traverse of garnishee's answers, judgment was rendered against him but simply ordering him to deliver the fund into the Sheriff's hands, there to abide the decision of the case. From this judgment the garnishee alone appeals. He has no interest in the matter and claims none, and the judgment correctly maintains the seizure of the funds subject to the rights of parties concerned.

The mere fact that a creditor holds collateral securities does not prevent the principal debt from becoming due, nor debar the creditor from pursuing legal remedies for its enforcements. The pledge might be insufficient or invalid. The rights of defendant or of others interested to require surrender or application of the original securieties are not involved in this appeal by a garnishee who has neither right nor interest.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot J.*

*Braughn, Buck, Dinkelspiel & Hart* and *Thos. L. Bayne* for Plaintiff and Appellee:

Plaintiff seized, under writ of attachment, in the hands of Gustave Peuser, certain money belonging to Geo. Peuser, who had absconded. The answers of Gustave Peuser were traversed, and traverse tried before a jury, who found that the money was subject to the attachment. The verdict of the jury and judgment of the court are fully sustained by the evidence, and their verdict upon a question of fact will not be set aside except upon conclusive evidence that it is erroneous.

Fox vs. Jones, 39 A. 929 ; 31 A. 432 ; 22 A. 31 ; 20 A. 458 ; 14 A. 139 ; 12 A. 297, 759 ; 11 A. 215, 625.

The garnishee is merely a stakeholder, and has no right to plead for other parties ; and the judgment against him should be affirmed or his appeal dismissed. Hanna's Syndic vs. Lauring, 10 Martin Rep. 510 ; 14 La. 514. Hazard vs. Agricultural Bank of Miss., 11 Rob. 336.

The plaintiff has the right to sue his debtor and recover judgment against him, although he holds collateral security, which is in litigation or liable to be rendered valueles by adverse claims. The principal debtor may be sued without proceeding against a security or guarantor.

3 Rob. 135 ; 4 La. 158 ; 14 A. 193 ; Lewis, Trustee, vs. United States, 92 U. S. 622 ; Colebrook on Collateral Securities, sec. 113 ; Jones on Pledges, sec. 681.

*F. C. Zacharie* for Defendant and Appellant :

Where a third party intervenes in an attachment suit, claiming the property attached as owner, and joins the garnishee in all of his defences, such third party is necessarily a party to a rule to traverse the answers of the garnishee, and it is error to deny such third party the right of appearance on the trial of the traverse.

Records of suits between plaintiffs and other parties are *res inter alois acta*, where neither defendant nor garnishee were parties to such suits, and are inadmissable.

A garnishee has a right to plead all defences which may be necessary for the protection of his own interest. Drake on Attachment, § 673; Waples on Attachment, p. 368 and note; 8 A. 285; Drake 696 and notes; 15 L. 253; Drake, 415, 515; 28 A. 69.

A pledgee holding collaterals and not alleging their insufficiency to pay his debt, must proceed against such collaterals, before he can attach other property of his debtor. 11 Wend, (N. Y.) p. 109; Story on Bailments, 320; 1 N. S. 418; 2 N. S. 22.

The burden of proof is on the attaching creditor when seeking to contradict and disprove the answers of garnishee. 4 A. 138; 14 A. 306, 791; 10 A. 31; Waples on Attachment, p. 375, notes 4 and 5.

The attaching creditor must disprove the answers, he cannot assail the veracity of the garnishee as a general witness. 14 A. 792.

Although an attorney be engaged as counsel for one of the parties to a suit,he cannot testify to or make use of what has been confided to him professionally, and confidentially by the other party to the suit. Weeks on Attorneys, p. 261 ; 50 Mo. 337,

A new trial should be granted when an attorney, in his closing, states facts of which there is no evidence, and such statement is calculated to influence the jury. Weeks on Attorneys, p. 221, sec. 112; 25 Geo. 225; Ibid 24; Ibid 395; 4 E. D. Smith (N. Y.) 253; 55 Mo. 509; 67 Wis, 529; 30 N. W. 790; 34 N. W. 564; 14 N. E.22; 37 N. W. 914; 38 N. W. 27; 14 Mich. 313; 61 Wis. 114.

The opinion of the Court was delivered by

FENNER, J. Plaintiff, a creditor of George Peuser, an absconding defaulter, took out a writ of attachment against him under which Gustave Peuser was made a garnishee.

In answer to interrogatories, Gustave Peuser disclosed the facts that, on the eve of his flight, his brother, George Peuser, had transferred to his name certain shares of city railroad stock, which he had sold and received therefor the price of thirty-three hundred dollars. This sum, he says, "I subsequently deposited in the Germania Savings Depository in my name, under an agreement with George Denègre, attorney of plaintiff herein, subject to the decision of my mother's rights thereto in this case."

He admits that the money is thus in his hands, that it was placed in his hands by George Peuser, who at the time owned the stock from the sale of which it was realized, and he does not pretend to have the slightest claim upon it in his own right.

But he denies that it is due to George Peuser, and says that it was placed in his hands for their mother to whom, he says, it belongs.

Mrs. Peuser has intervened in the case and is championing her own rights.

As the garnishee denied any indebtedness to the defendant and the possesion of any property belonging to him, it was, of course, essential that plaintiff should traverse the answers, because, upon their face, in the absence of any service on the defendant or of any seizure of property, the plaintiff's suit necessarily fell. Pennoyer vs. Neff, 95 U. S. 714; Loughlin vs. Ice Co., 35 La. 1184.

Accordingly a traverse was filed. The issue was tried exclusively between the plaintiff and the garnishee. When Mrs. Peuser, the intervenor, attempted to take part therein, objection was made on the ground that the question of her right was not involved and that the decision upon the traverse could not affect her, which objection was sustained by the court.

The traverse was tried before a jury and resulted in a verdict and judgment in favor of plaintiff, but simply "ordering said Gustave Peuser to turn over to the sheriff the said $3,300 in currency, to be held by said sheriff to await the final decision of this suit, etc."

The only possible effect of this judgment is simply to maintain plaintiff's seizure of the fund and to hold it in court subject to the final decision of the rights of the claimants thereon. A contrary decision would have liberated the fund and have thrown plaintiff out of court. It would, in effect, have been a decision in favor of Mrs. Peuser without trial or hearing.

As the matter stands, no one is prejudiced. Mrs. Peuser's rights are perfectly .preserved. She is not, in any degress, affected by this decision. Her intervention is before the court and must be determined before any disposition of this fund can be made. Moreover, she has not appealed. The only appellant is the garnishee, and what possible right he can have to complain is not apparent. He claims no interest in the fund. He admits that he received it from George Peuser, and he suggests no claim that anybody else has upon it except his mother. She has asserted her own claim judicially, and that is the issue upon which depends the disposition of the fund.

The garnishee also filed an exception to the effect that, as plaintiff's claim against George Peuser appeared on its face to be secured by a pledge of amply sufficient property for its payment, the petition set forth no cause of action.

Without discussing the question whether, under the circumstances of this case, an exception of this kind lies in the mouth of the garnishee, the exception, as such, has no merit. The mere fact that a creditor holds collateral securities, does not prevent the principal debt from becoming due nor debar him from pursuing his legal remedies

for its enforcement. Duncan vs. Elam, 1 Rob. 135 ; Lewis, Trustee, vs. U. S., 92 U. S. 622.

In this case, it is in evidence that the title to the securities originally pledged is in contest before the courts. The rights of the defendant or others interested to require the surrender or application of the original securities are not here involved. The garnishee has no right or interest in the premises.

Judgment affirmed.