BALDRICH, DEMANDANTE Y APELADO, *v.* RIVERA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 3125.—Resuelto en febrero 29, 1924.

PRÉSTAMO—PRENDA—VENCIMIENTO DEL PRÉSTAMO—OBLIGACIONES.—En el presente caso se trata de la interpretación de la siguiente cláusula de un contrato de préstamo afianzado con prenda: ''CUARTA: Es convenido por los contratantes de la primera y segunda parte que en caso de que el tabaco dado en prenda, en garantía colateral de la mencionada deuda, no obtuviera un precio conveniente para su venta durante el término de pignoración, la acreedora por su

mandatario, se obliga a conceder al deudor, una prórroga para el pago de la deuda, entendiéndose prorrogada asimismo la garantía colateral pignoraticia, por el término de un mes.'' *Se resolvió:* que no era este un contrato para vender el tabaco antes de exigir el pago de la deuda; · y que no habiéndose fijado el tiempo en que había de venderse el tabaco el término de pignoración mencionado en la estipulación expiró junto con la obligación principal y que el acreedor sólo estaba obligado a esperar un mes más.

ID.—ID.—DERECHO DEL ACREEDOR GARANTIZADO CON PRENDA.—Un acreedor garantizado con prenda no está obligado a ejecutar la prenda para cobrar su crédito, sino que puede ir sobre otros bienes del deudor.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Domínguez Rubio.*

Abogado del apelado: ·*Sr. A. Porrata Doria.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Casimiro Rivera, el apelante, nunca negó que él adeudara la suma de $649.22, con intereses, etc. El debía dicha suma a Schluter & Co., cedentes del demandante Isidoro Baldrich. La contención del apelante era que su obligación dependía de la condición de la venta de cierto tabaco que Baldrich, como agente de Schluter & Co., tenía depositado en prenda. Cuando Baldrich adquirió por cesión dicha obligación no vendió primero dicho tabaco sino que para hacer efectiva la obligación entabló demanda y embargó bienes raíces del apelante Rivera. El apelante sostenía que Baldrich estaba obligado a vender el tabaco antes de establecer la acción, y dicho apelante, en una contra demanda, reclamó daños y perjuicios tanto por la omisión de vender el tabaco como por el embargo que se alegaba ser torcitero. El tabaco aparentemente fué vendido por Baldrich después de presentada la demanda, y produjo unos $400. La corte dictó sentencia por la diferencia entre esta suma y la reclamada en la demanda.

La corte sostuvo que el demandado respondía con todos sus bienes del pago de la obligación de acuerdo con el artículo 1812 del Código Civil; que el deber de Baldrich de vender primero el tabaco no era de tal naturaleza que impidiera el pleito y el embargo, y que Rivera no probó daños y perjuicios algunos.

Convenimos definitivamente con la corte en que el demandado y contra demandante no probó los daños y perjuicios. Tampoco probó que el tabaco tuviera un valor superior al precio en que fué vendido o que dicho demandado sufriera perjuicios por razón del embargo. Por consiguiente, aún suponiendo que Baldrich estuviera por el contrato obligado a vender el tabaco y en caso de ser su producto insuficiente a deducir éste del montante de su reclamación, y que así no lo hizo, siempre tendríamos un caso de *dammum absque injuria*, pues todo lo que a Baldrich se ha concedido es la diferencia entre el montante de su reclamación y el valor del tabaco pignorado. De acuerdo con varios artículos de nuestros códigos no tomaríamos en cuenta tal omisión de vender cuando no hay perjuicio resultante.

Hubiera quizás habido un incumplimiento de contrato por Baldrich con un consiguiente derecho de acción para Rivera, pero el derecho de acción de Baldrich no quedaba destruído.

Sin embargo, convenimos con las demás conclusiones de hecho y de derecho a que llegó la corte. Todo el caso del demandado giró sobre la siguiente estipulación:

"Segunda: En garantía colateral de dicha obligación, Don Casimiro Rivera, por derecho propio, da en prenda y pignora desde esta fecha, a favor de Schluter y Compañía, los treinta y cinco quintales de tabaco en rama descritos en el hecho primero de esta escritura, los que, de común acuerdo los contratantes, depositan en poder de Don Baltazar Mendoza Martínez, después de tomar posesión de los mismos, en esta fecha, el representante de la acreedora Schluter y Co.

"Tercera: Don Baltazar Mendoza Martínez, acepta el depósito de los referidos treinta y cinco quintales de tabaco en rama, en la proporción de clases expresada en el hecho primero de esta escritura, prometiendo cumplir, durante el término del depósito todos los derechos, digo, deberes y atenciones como un buen y entendido Administrador. Este tabaco ha sido valorado a razón de veinte dollars cada quintal.

"Cuarta: Es convenido por los contratantes de la primera y se-

gunda parte que en caso de que el tabaco dado en prenda, en garantía colateral de la mencionada deuda, no obtuviera un precio conveniente para su venta durante el término de pignoración, la acreedora por su mandatario, se obliga a conceder al deudor, una prórroga para el pago de la deuda, entendiéndose prorrogada asimismo la garantía colateral pignoraticia, por el término de un mes.''

No podemos convenir con el apelante en que este fuera un contrato para vender el tabaco antes de exigir el pago de la reclamación. Convenimos con la corte en que puesto que no se fijó el tiempo en que había de venderse el tabaco el término de pignoración mencionado en la estipulación expiró junto con la obligación principal y que el acreedor sólo estaba obligado a esperar un mes más. El acreedor esperó alrededor de ocho meses.

Es asimismo claro que el tabaco sólo fué dado como garantía colateral. El apelante no nos ha convencido de que cuando se da una garantía colateral o una prenda el acreedor está obligado a recurrir primero a dicha garantía colateral. Entendemos, por el contrario, que un acreedor tiene opción de demandar independientemente. Esta parece ser la opinión de Manresa en sus comentarios al artículo 1773 (1872 del Código Español). Este artículo dispone:

''Art. 1773.—El acreedor a quien oportunamente no hubiese sido satisfecho su crédito podrá proceder por ante notario a la enajenación de la prenda. Esta enajenación habrá de hacerse precisamente en subasta pública y con citación del deudor y del dueño de la prenda en su caso. Si en la primera subasta no hubiese sido enajenada la prenda, podrá celebrarse una segunda con iguales formalidades; y, si tampoco diere resultado, podrá el acreedor hacerse dueño de la prenda. En este caso estará obligado a dar carta de pago de la totalidad de su crédito.

''Si la prenda consistiera en valores cotizables, se venderán en la forma prevenida por el Código de Comercio.''

No hay nada en este artículo que impida al acreedor establecer acción independiente, aunque el deudor podría, quí-

zás, en ciertas circunstancias, exigir la devolución de la prenda.

De todo esto se infiere necesariamente que el embargo no fué torcitero, y la sentencia debe ser confirmada en todas sus partes.

                              *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.