THE NATIONAL CITY BANK OF NEW YORK, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. A. R. DE JESÚS, JUEZ, demandada.

No. 946.—*Sometido:* Febrero 12, 1934. *Resuelto:* Junio 30, 1934.

*E. F. Fiddler* y *Jorge L. Córdova,* abogados del peticionario; *L. Feliú,* por la interventora, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Andrés Oliver y Lorenzo Oliver otorgaron un pagaré· a favor del National City Bank of New York por· la suma de

$17,000, vencedero el 25 de mayo de 1931. La demanda en este caso alega que para asegurar la deuda uno de los demandados entregó en prenda al demandante doscientas acciones de la Porto Rico Distilling Co. El pagaré no fué satisfecho a su vencimiento. Copia del mismo se acompañó a la demanda en este caso. El título de la acción es "Cobro de pagaré y ejecución de prenda." En la demanda se suplica que la corte dicte sentencia contra los demandados por la suma de $17,000 e intereses y que se ordene al márshal de la corte que proceda a vender en pública subasta las doscientas acciones de la Porto Rico Distilling Company.

Luego de radicar su demanda, el demandante obtuvo de la Corte de Distrito de San Juan un embargo contra los bienes de los demandados fuera de las acciones que tenía en su poder.

Los demandados radicaron una excepción previa a la demanda, que creemos no fué resuelta. Posteriormente los demandados archivaron una moción para anular la orden que aseguró la efectividad de la sentencia y el embargo obtenido. La teoría de la moción fué que el demandante no tenía derecho a embargar bienes de los demandados hasta haber dispuesto de las doscientas acciones de la Porto Rico Distilling Company que tenía en prenda. La Corte de Distrito de San Juan convino con los demandados.

■■ El demandante apeló de la orden de la corte anulando el embargo. El efecto de esta apelación fué la cuestión principal suscitada durante la vista de este caso.

La corte posteriormente expidió una orden cancelando el embargo que había sido inscrito en el registro de la propiedad. El demandante acudió ante este tribunal en solicitud de un auto de *certiorari* y sostiene, al igual que lo hizo en la corte inferior, que la apelación interpuesta contra la orden cancelando el embargo suspendió los efectos de dicha orden. El peticionario invoca el artículo 297 del Código de Enjuiciamiento Civil. Dicha corte y los querellados se fundan en la sección 14 de la Ley para Asegurar la Efectividad de Sen-

tencias (Estatutos Revisados, sección 5246), que lee como sigue:

"Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para· la continuación del pleito principal. Entre la citación, y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo. *Toda resolución del tribunal será ejecutoria desde luego,* pudiendo consignarse por la parte perjudicada la oportuna protesta, a los efectos del recurso que la ley de Procedimientos le conceda contra la sentencia definitiva." (Bastardillas nuestras.)

El demandante sostiene, sin embargo, que de conformidad con el artículo 297 del Código de Enjuiciamiento Civil la apelación suspendió los efectos de la orden anulando el embargo y que entonces la corte no tenía autoridad para cancelar la anotación hecha en el registro mientras se hallaba pendiente el recurso.

Examinando la ley de 1902 vemos que las únicas palabras que sostendrían la contención de los querellados son: "Toda resolución del tribunal será ejecutoria desde luego, etc.," mas estas palabras significan que, al igual que cuando se trata de cualquiera otra providencia interlocutoria, la parte interesada puede oponerse y posteriormente suscitar cualquier supuesto error al apelar de la sentencia. Estas palabras no significan que la apelación directa contra la providencia autorizada ahora por el Código de Enjuiciamiento Civil no suspendería los· efectos de tal orden. Un examen cuidadoso de la ley de 1902 nos lleva al convencimiento de que nada hay en ella que sea inconsistente con las disposiciones del artículo 297 del Código de Enjuiciamiento Civil.

■ Empero las partes también han discutido la cuestión de si la corte debió haber anulado el embargo. Como la orden cancelando el embargo privaría al demandante de un gravamen sobre bienes previamente obtenido, la cuestión envuelta necesariamente es una de procedimiento, de no ser una de cuasi jurisdicción. En otras palabras, si las órdenes de la corte prevalecieran, el demandante estaría fuera de estrados con respecto al embargo que originalmente trató de obtener.

■■ La corte y los querellados se fundan en el artículo 1773 del Código Civil, tal cual fué enmendado por la Ley No. 48 de 1930, Leyes de ese año, págs. 369, 389, que lee así:

"El acreedor a quien oportunamente no hubiese sido satisfecho su crédito, podrá proceder por ante notario a la enajenación de la prenda. Esta enajenación habrá de hacerse precisamente en subasta pública y con citación del deudor y del dueño de la prenda, en su caso. Si en la primera subasta no hubiese sido enajenada la prenda, podrá celebrarse una segunda con iguales formalidades; y si tampoco diera resultado, podrá el acreedor hacerse dueño de la prenda. En este caso estará obligado a dar carta de pago de la totalidad de su crédito."

Ahora bien, aunque la demanda es corta, demuestra claramente que se trataba de una acción personal, distinta a una meramente *in rem*. Su objeto fué, en primer lugar, recobrar el importe del pagaré adeudado por los demandados, y, en segundo lugar, podría decirse, que el márshal vendiera las acciones dadas en prenda. La demanda describe específicamente el pagaré y solicita que se dicte sentencia a favor del demandante por el importe del mismo.

La corte inferior en parte de su razonamiento llamó la atención al hecho de que el demandante debía proceder a vender las acciones pignoradas; que su conclusión era fortalecida por el hecho de que si en la segunda venta del artículo pignorado el acreedor lo compraba, éste no tenía ninguna otra reclamación contra el deudor.

En el presente caso, sin embargo, el tenedor de la prenda optó por radicar una acción personal contra los demandados, y esto tenía derecho a hacerlo. No hallamos nada en el artículo 1773 ni en ninguna otra parte del Código Civil que obligue al tenedor de una prenda, antes de radicar una acción personal, a vender primeramente el artículo pignorado. Al dejar el deudor de satisfacer el importe del pagaré a su vencimiento, surgió el derecho del demandante a proceder contra los demandados y sus bienes. A este respecto el caso es similar a los de *Fernández* v. *Luyando* y *Luyando* v. *Díaz*, resueltos en 11 de mayo de 1934 (ante págs. 687 y 691) siendo la única diferencia existente que en dichos casos la propiedad en disputa era inmueble y la aquí envuelta es mueble. El artículo 1758 del Código Civil, y quizá algunos de los artículos siguientes, demuestran que la hipoteca y la prenda son garantías accesorias para el cumplimiento de un contrato principal.

La jurisprudencia general en los Estados Unidos sostiene estas conclusiones, es decir, que una persona que tiene una obligación principal garantizada con prenda o colateral, no está obligada a proceder primeramente contra la prenda o colateral, sino que puede iniciar acción personal contra su deudor. *Lewis, trustee,* v. *United States,* 92 U. S. 618, 622; *Germania Saving Bank* v. *George Peuser,* 40 La. Ann. 796, en el que se cita el caso anterior; *Merrill* v. *National Bank of Jacksonville,* 173 U. S. 140; nota en el caso de *Robinson* v. *Hurley,* 79 Am. Dec. 500; 49 C. J. 987 *et seq.;* véase también el caso de *Baldrich* v. *Rivera,* 32 D.P.R. 850.

█ Tenemos alguna idea de que la jurisprudencia demuestra que los demandantes en ejecución de su pleito están obligados primeramente a vender los artículos pignorados o a devolverlos antes de poder vender cualquiera otra propiedad del deudor, mas no es necesario que resolvamos en definitiva este punto, especialmente en vista de que en este caso específico el demandante mismo solicita la venta del artículo pignorado.

■ Por ende, nos sentimos obligados a resolver que la corte cometió error de procedimiento, no sólo al cancelar, después de haberse apelado, la anotación en el registro de la propiedad, sino también al anular los embargos obtenidos para asegurar la efectividad de la sentencia.

*Las resoluciones de octubre 31, 1933, y diciembre 26, 1933, deben ser anuladas y devolverse el caso a la Corte de Distrito de San Juan para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Aldrey está conforme con el resultado.

El Juez Asociado Señor Córdova Dávila no intervino.