FRANCISCO SILVA, demandante y peticionario, *v.* D.G.S.T. TWO, INC., demandada y recurrida.

*Número:* O-82-619      *Resuelto:* 21 de enero de 1983

*Francisco Vincenty Gronau,* abogado del peticionario; *Luis M. Angelet Frau,* de *Dubón, Dubón & Vázquez,* abogado de la recurrida.

PER CURIAM: El peticionario Francisco Silva instó demanda en cobro de varios pagarés suscritos por la recurrida D.G.S.T. Two, Inc., la que aceptó haber firmado los pagarés a favor de Hato Rey Building Company, Inc. por las canti-

dades y en las fechas expresadas en los mismos. Posteriormente, el peticionario solicitó que se dictara sentencia sumaria a su favor por las cantidades adeudadas, los intereses y los honorarios de abogado según surgen de los pagarés. Acompañó su solicitud con una declaración jurada en la que afirmó ser el tenedor de los pagarés vencidos y no pagados; que los adquirió como parte de lo que le correspondió como accionista en la liquidación de Hato Rey Building Company, Inc.; y que dichos pagarés fueron suscritos por la demandada como pago de unos trabajos realizados por tal compañía a la demandada D.G.S.T. Two, Inc.

El tribunal de instancia declaró sin lugar la moción de sentencia sumaria y a instancias del peticionario expedimos orden de mostrar causa por la cual no debíamos revocar la resolución recurrida y devolver el caso para que se dictara la sentencia sumaria solicitada. Oportunamente compareció la recurrida y procedemos a resolver.

La recurrida argumenta que, por no aparecer que los pagarés fueron debidamente endosados, el peticionario es tan solo un cesionario de los mismos al que se le pueden levantar las defensas que le son oponibles al tenedor original, específicamente la de compensación. No es correcto.

Hemos examinado el original de los pagarés en cuestión y hemos verificado que los pagarés han sido debidamente endosados. (¹)

 Como se sabe, un pagaré a la orden queda nego-

---

(¹) El endoso de los pagarés se hizo constar al dorso de los documentos.

"En liquidación parcial de participación en la Hato Rey Building Co. Balances pendientes a ser pagados antes del 15 de abril de 1982.

Páguese a Francisco Silva o a su orden.

Hato Rey, P.R. a 15 de enero de 1982.

Hato Rey Building Co. Inc.

Por: ___(fdo.)_____
Héctor H. Semidey
Presidente"

ciado por el endoso del tenedor, y se completa con la entrega. Ley de Instrumentos Negociables, Art. 383 del Código de Comercio, 19 L.P.R.A. sec. 61. *The National City Bank* v. *Sucn. Echevarría*, 50 D.P.R. 865 (1937). Por el contrario, cuando el pagaré a la orden se transfiere por causa onerosa sin endoso, se produce una cesión del documento y el cesionario tendrá sobre éste los mismos derechos que su cedente. Ley de Instrumentos Negociables, Art. 402 del Código de Comercio, 19 L.P.R.A. sec. 80. Véase B. Santiago Romero, *Tratado de Instrumentos Negociables*, 2da ed. rev., Puerto Rico, Ed. Universitaria, 1981, pág. 136, del cual transcribimos lo siguiente:

> La entrega de un documento pagadero a la orden sin endoso resulta en una mera cesión de crédito según provee la sección 80 de la ley. La importancia de distinguir entre la *negociación* y la *cesión* es obvia. Cuando se produce la negociación no solamente se transmite el título de la propiedad del documento, sino que también el recipiente del documento puede recibir un derecho autónomo que puede ser hasta superior al derecho del transmitente. La cesión, en cambio, sólo transmite el derecho del cedente. El cesionario de un documento no cualifica como tenedor de buena fe por derecho propio y, siendo así, dicho cesionario está sujeto a todas las defensas que puedan tener las partes precedentes en el documento, como ocurre bajo el Código Civil donde el cesionario sólo adquiere el derecho que tiene el cedente.

Como del expediente se desprende que los pagarés fueron endosados y entregados al peticionario, no puede haber controversia sobre la negociación de dichos instrumentos. Tampoco se ha controvertido la presunción que favorece al peticionario como tenedor de buena fe, en virtud de lo cual éste posee el documento sin responsabilidad en cuanto a alegadas defensas que pudiera tener la recurrida, y, en consecuencia, el peticionario puede exigir el pago del importe total del documento. Ley de Instrumentos Negociables, Art. 410 del Código de Comercio, 19 L.P.R.A. sec. 97. No procede, por tanto, la defensa de compensación contra el peticionario.

750

*Se dictará sentencia en que se revoque la resolución recurrida; se devolverá el caso al tribunal de instancia para que dicte la sentencia sumaria solicitada, conforme lo antes expuesto.*