Urgell Cuebas, Juez Ponente
*1038 TEXTO COMPLETO DE LA SENTENCIA
El recurso de apelación presentado en este caso nos fue referido por el Tribunal de Primera Instancia, Sala Superior de San Juan, toda vez que conforme la Ley de la Judicatura de 1994, aprobada el 28 de julio de 1994, nos corresponde la competencia para entender en el mismo.
Se trata de una apelación instada por Federico Pérez Soto h/n/c San José Cash Checking, para revisar una sentencia del extinto Tribunal de Distrito, dictada el 5 de octubre de 1994. La sentencia declaró sin lugar una demanda, presentada por el apelante contra Delia Rodríguez Vigil, donde se reclama el pago de un cheque posfechado librado por ésta y cuyo pago fué suspendido ante el banco contra el cual se giró. Concluyó el tribunal que la defensa de la señora Rodríguez para resolver la obligación con el co-apelado, Delgado, es oponible, contra el apelante.
Estudiado el expediente y considerados los argumentos vertidos por las partes en sus escritos, procede que revoquemos la sentencia dictada por el tribunal de instancia en lo que concierne al apelante. Veamos.
I
El 9 de marzo de 1993, el apelante presentó una demanda sobre incumplimiento de contrato ante el Tribunal de Distrito, Sala de San Juan, contra los apelados, Delia Rodríguez Vigil y Héctor Delgado. La co-apelada, Rodríguez, contestó la demanda, no así el co-apelado, Héctor Delgado, a quien se le anotó la rebeldía.
El 24 de marzo de 1994 se celebró una conferencia con antelación al juicio ante el Tribunal de Distrito. En dicha ocasión, cada parte argumentó sus respectivas posiciones, sometiéndose el caso para ser adjudicado por el tribunal de acuerdo a lo expresado por las partes en el Informe Sobre Conferencia Preliminar entre Abogados, particularmente las estipulaciones de hechos contenidas en la parte IV del referido informe.
El 5 de octubre de 1994, el tribunal recurrido dictó sentencia, declarando sin lugar la demanda contra la co-apelada Rodríguez y con lugar en cuanto el co-apelado Delgado, condenando a éste último al pago de la suma de $750.00 dólares, más $500.00 dólares en concepto de honorarios de abogado.
El tribunal de instancia formuló las siguientes determinaciones de hechos en su sentencia:

"1. En el mes de diciembre de 1992 la Sra. Delia Rodríguez Vigil contrató los servicios del Sr. Héctor Delgado para un trabajo en su residencia.

*1039
2.Las partes acordaron que el trabajo a realizarse debía estar terminado en o antes del 19 de diciembre de 1992.

3. Días más tarde de la fecha en que se acordó el arrendamiento de obra, el Sr. Héctor Delgado le solicitó un adelanto del precio estipulado.

4. La Sra. Delia Rodríguez Vigil le entregó un cheque post-datado de $750.00. El cheque tenía fecha de 23 de diciembre de 1992.

5. El 14 de diciembre de 1992 el co-demandado Héctor Delgado acudió a la residencia de la co-demandada Delia Rodríguez Vigil para informarle que no podría cumplir con lo pactado para el 19 de diciembre de 1992.

6.En dicha ocasión la Sra. Delia Rodríguez Vigil resolvió el contrato de obra, solicitándole al Sr. Héctor Delgado la devolución del cheque.

7. El Sr. Héctor Delgado quedó en devolver el cheque.

8. Luego de esperar varios días, la Sra. Delia Rodríguez Vigil ordenó la suspensión de pago ("stop payment"), debido a que el Sr. Héctor Delgado no había devuelto el cheque.

9. El Sr. Héctor Delgado endosó el cheque y lo cambió en el negocio del demandante Sr. Federico Pérez Soto.

10. El 29 de diciembre de 1992 el Banco Popular de Puerto Rico no honró el cheque por razón de la orden de suspensión de pago."

II
El apelante sostiene que el Tribunal de Distrito incidió al incluir en las determinaciones de hechos de su sentencia, hechos que no fueron estipulados por las partes en el Informe Sobre Conferencia Preliminar Entre Abogados. Además, sostiene que erró el tribunal al dictar sentencia desestimando la demanda, pues siendo él un tenedor de buena fe del cheque, tenía que honrarlo la co-apelada, Rodríguez.
Alega el apelante que los hechos consignados en los apartados 1, 2, 3, 4, 5, 6, 7 y 8 de las determinaciones de hechos formuladas por el tribunal de instancia, no formaban parte de las estipulaciones de las partes, por lo que no podían ser considerados para la solución de la controversia entre éstas.
Aunque tiene razón en parte la apelante en su señalamiento, los hechos determinados por el tribunal, a los cuales se refiere éste, no son hechos materiales, ni pertinentes a los fines de resolver la controversia planteada en el caso. Los hechos se refieren exclusivamente a la relación entre la libradora y el tomador, es decir, entre la co-apelada, Rodríguez y el co-apelado, Delgado. Para determinar si un tercero, en este caso el apelante, es tenedor de buena fe, es innecesario examinar la relación previa entre el librador y el tomador. Lo importante y pertinente es la relación entre el tenedor y el último endosante. En consecuencia, carece de méritos el señalamiento del apelante sobre este extremo.
Pasamos ahora a examinar el segundo señalamiento del apelante, particularmente si a la luz de los hechos estipulados, éste era un tenedor de buena fe del cheque expedido por la co-apelada, Rodríguez.
El cheque constituye un instrumento negociable mediante el cual el librador da una orden incondicional al banco librado para que éste último pague, a su presentación, cierta suma de *1040 dinero a la orden o al portador. Art. 538 del Código de Comercio de 1932, 19 L.P.R.A. sec. 362; A.E.E. v. Las Américas Trust. Co., 123 D.P.R. 834, 852 (1989).
El Art. 365 del Código de Comercio, 19 L.P.R.A. sec. 13, implícitamente reconoce la validez de un cheque posfechado. El Artículo dispone que "[n]o carece de validez el documento por la sola razón de llevar fecha anterior o posterior, siempre que eso no se hiciere confines ilegales o fraudulentos. La persona a quien se le entregare un documento de ese modo adquiere la propiedad del mismo desde la fecha de la entrega." Rivera v. Banco Crédito y Ahorro, 86 D.P.R. 779, 781 (1962).
La Sección 362, supra, dispone que un cheque es pagadero a su presentación. Se ha resuelto que el hecho de que el cheque esté posfechado no altera tal situación ya que sigue siendo pagadero a la presentación desde la fecha que ostenta. Rivera v. Banco Crédito y Ahorro, supra. Un cheque posfechado puede ser negociado válidamente antes de la fecha que ostenta, sin embargo, un banco normalmente no lo pagará hasta la fecha que se exprese en el mismo. Henry Bailey, Brady On Bank Checks, The Law of Bank Checks, 7ma. ed., Warren Gorham Lamont, U.S.A., 1992, sección 16.15, págs. 16-37. De modo que, si un banco paga un cheque antes de esa fecha, lo hace bajo su responsabilidad, y no puede cargar el pago a la cuenta del librador.
En el caso de autos, el cheque expedido no se preparó con fines ilegales o fraudulentos. El mismo fue endosado y negociado con anterioridad a la fecha que éste ostentaba. Posteriormente a la negociación y a la fecha que ostentaba, fue que el apelante lo presentó para el cobro al banco librado, Banco Popular de Puerto Rico, y éste denegó su pago por motivo de la orden de suspensión de pago ordenada por la co-apelada Rodríguez.
El Art. 405 del Código de Comercio, 19 L.P.R.A. see. 92, dispone que:

"[tjenedor de buena fe es aquel que ha tomado el instrumento con arreglo a las siguientes circunstancias: (1) que esté completo y sea regular en su apariencia; (2) que se convirtió en tenedor del mismo antes de estar vencido, y sin tener conocimiento de que su aceptación o pago había sido rehusado previamente, si ése fuera el caso; (3) que lo tomó de buena fe y por causa onerosa; (4) que cuando le fue negociado no tenía conocimiento de defecto alguno en el documento, o en el derecho de la persona que lo negoció."

Un documento "completo y regular en su apariencia" exige que el documento no tenga alteraciones o defectos irregulares, como lo es, por ejemplo, un borrón. Basilio Santiago Romero, Tratado de Instrumentos Negociables, 2da. ed., Ed. Universitaria, Puerto Rico, 1981, pág. 167. Un examen de la copia del cheque expedido por la co-apelada, Rodríguez, demuestra que éste tiene apariencia regular y para los efectos de la Ley de Instrumentos Negociables, supra, está completo. Además, en el documento no se incluyó condición limitativa alguna de pago que hiciera sospechar al apelante u otra persona de su validez, o que pusiera al apelante en conocimiento de algún defecto o hecho sobre problemas en su negociación o cobro. En consecuencia, el apelante cumple con este requisito.
En la segunda circunstancia la ley requiere que el tenedor de buena fe haya adquirido el documento antes de estar vencido y sin tener conocimiento de que su aceptación o pago había sido rehusado previamente. El cheque en este caso fue negociado al apelante antes de la fecha de su vencimiento y durante el curso normal de su negocio de cambiar cheques. El apelante no participó en la relación entre el tomador y la libradora.
El tercer requisito consiste en haber tomado el documento de buena fe y por causa onerosa. Conforme a los hechos estipulados por las partes, se desprende que el cheque fue cambiado por el apelante en su "negocio de cambio de cheques", por lo que razonablemente *1041 tenemos que inferir que fue por causa onerosa y de buena fe.
El último requisito requerido por la ley para ser tenedor de buena fe lo es que cuando le fue negociado el documento, el tenedor no conocía de defecto alguno del documento, o en el derecho de la persona que lo negoció. Los hechos estipulados por las partes demuestran que el apelante estaba totalmente ajeno a la relación entre los co-apelados, razón por la cual no tenía porque dudar de la validez del derecho del apelado, Delgado, a negociar el cheque. De otro lado, el documento es regular en su apariencia, por lo que el apelante no podía conocer, de verlo, si era defectuoso o no. Además, en las estipulaciones de hechos, apartado 6, específicamente se estipuló que "el demandante Federico Pérez Soto no ha tenido relación contractual de clase alguna con la co-demandada Delia Rodríguez Vigil, que no sea la que se deriva de ser tenedor de buena fe del cheque expedido por aquélla".
En resumen, el apelante cumple con todos los requisitos requeridos por la ley para que se le considere como tenedor de buena fe. Como tenedor de buena fe de un instrumento negociable, el apelante goza de la presunción de que posee el documento sin responsabilidad en cuanto a alegadas defensas que son oponibles al tenedor original, Silva v. D.G.S.T. Two, Inc., 113 D.P.R. 747, 749 (1983).
Al otorgarse un instrumento negociable, el otorgante renuncia a ciertas defensas cuando el documento lo recibe un tenedor de buena fe. Las defensas que no son oponibles a un tenedor de buena fe son las llamadas defensas personales que son las que pueden oponerse entre las partes originales contratantes. El fundamento para ello es que de permitirse tal resultado conllevaría la destrucción del concepto de la negociabilidad, que es la base sobre la cual descansan los derechos del tenedor de buena fe. Basilio Santiago Romero, supra, pág. 166.
En el caso dé autos, la defensa levantada por la co-apelada, Rodríguez, libradora del cheque, es una personal. La alegación de que tenía derecho a resolver el contrato con el co-apelado, Delgado, y a ordenar la suspensión del pago del cheque, no ataca la validez del documento, sino el derecho del apelado, Delgado, para negociarlo. La defensa aducida por la libradora en este caso, no es oponible contra el apelante, aunque sí contra el tomador. En consecuencia, el tribunal de primera instancia erró al desestimar la demanda contra la apelada Rodríguez.
Cuando un instrumento negociable no es pagado voluntariamente, el tenedor puede demandar a la persona responsable del pago en primer término. En el caso de una letra de cambio, como lo es el cheque, el responsable en primer término lo es el librado, Art. 423 del Código de Comercio, 19 L.P.R.A. see. 131. Igualmente, el tenedor puede demandar a los responsables en segundo término cuando no se hace honor al documento por falta de pago, Art. 436 del Código de Comercio, 19 L.P.R.A. see. 144. Las personas responsables en segundo término en las letras de cambio lo son el librador y los endosantes. Art. 437 del Código de Comercio, 19 L.P.R.A. see. 145; Basilio Santiago Romero, supra, pág. 164.
La ley no impide que el tenedor demande a todas las partes conjuntamente, ya sean partes responsables en primer o segundo término. Para que proceda tal acción es necesario que el tenedor cumpla con dos requisitos. Presentación al pago y aviso de que no se ha hecho honor al documento. Además, para que pueda demandar a los responsables en segundo término es necesario que presente el documento a su vencimiento para el cobro o aceptación y luego dar aviso de desaire. Basilio Santiago Romero, supra, pág. 165.
En este caso el apelante presentó el cheque al banco librado y éste se negó a pagarlo por razón de la orden de suspensión de pago de la libradora. Entonces, luego de haber cumplido con el requisito de avisar a la libradora del hecho de que el cheque no fue honrado ni pagado por el banco librado, demandó conjuntamente a ésta y al tomador del cheque, cumpliéndose *1042 así con los requisitos antes indicados.
III
Por todos los fundamentos antes expresados, se revoca la sentencia dictada por el extinto Tribunal de Distrito, Sala de San Juan.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria general.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 269
1. El Apartado IV del Informe de Conferencia Preliminar Entre Abogados recoge las siguientes estipulaciones:

"1. La co-demandada Delia Rodríguez Vigil expidió, escribió y firmó el cheque núm. 2507 a favor de Héctor Delgado por la suma de $740.00 dólares, fechado del 23 de diciembre de 1992.

2. El co-demandado Héctor Delgado, tomador del cheque, lo endosó y lo cambió en el negocio de cambio de cheques del demandante.

3. El 29 de diciembre de 1992 el Banco Popular de Puerto Rico se negó a honrar el cheque en virtud de una orden de suspensión de pago de la libradora, la co-demandada Delia Rodríguez Vigil.

4. El demandante Federico Pérez Soto, luego de haber presentado el cheque al banco para su cobro, le notificó personalmente y por escrito, a la co-demandada Delia Rodríguez Vigil que el banco se había negado a honrar su pago en virtud de la orden de suspensión de pago emitida por ella; le indicó que obtuvo el cheque de buena fe dentro del curso de las operaciones diarias de su negocio, y le reclamó el pago del referido cheque.

5.La co-demandada Delia Rodríguez Vigil se ha negado a pagar el importe del cheque al demandante.

6.El demandante Federico Pérez Soto no ha tenido relación contractual de clase alguna con la co-demandada Delia Rodríguez Vigil, que no sea la que se deriva de ser tenedor de buena fe del cheque expedido por aquélla.

7. Delia Rodríguez Vigil y Delia Rodríguez La Torre son una y la misma persona.

8. La co-demandada Delia Rodríguez Vigil no hizo constar en el cheque cuyo cobro es objeto de esta acción que su pago estaba condicionado a que el co-demandado Héctor Delgado le terminara el trabajo acordado entre ellos, en o antes del 19 de diciembre de 1992.

9. Previo al 29 de diciembre de 1992 el demandante Federico Pérez Soto y la co-demandada Delia Rodríguez Vigil ni se conocían ni se habían visto, ni habían hablado entre sí.

10. La demandada por conducto del Ledo. Luis H. Sánchez Caso, le remitió carta al demandante por conducto de su abogado, indicando la situación que provocó la suspensión del pago del cheque."

2. Cabe señalar, que tal situación es solamente aplicable al banco librado ya que es éste quien tiene los fondos disponibles para pagarle al tenedor presentante del documento.