ÁNGEL L. ACEVEDO, demandante y recurrido, *v.* CITIBANK, N. A., SUCURSAL DE ARECIBO, demandados y recurrentes.

*Número:* R-84-131     *Resuelto:* 31 de octubre de 1984

*Alexie Rivera Cordero,* abogado de los recurrentes; *Juan E. Taboas Santiago,* abogado del recurrido.

PER CURIAM: El Sr. Ángel L. Acevedo, demandante recurrido, firmó un cheque en blanco por tener que ausentarse del país y se lo entregó a uno de sus empleados para la compra de unas piezas. El empleado perdió el cheque el 12 de octubre de 1979. No consta en autos que se le notificase la pérdida al banco girado, Citibank, sucursal de Arecibo, hasta el 16 de enero de 1980. Fue en tal fecha que el librador protestó el pago del cheque, número 3510, el cual fue llenado por alguien por la cantidad de $6,500, girado a nombre de un tal Luis A. Vádiz y cobrado en la propia sucursal del Citibank en Arecibo el 27 de noviembre de 1979.

El banco no le solicitó identificación al librado, conforme su política, al cambiar cheques en exceso de $2,000. Por otro lado, de la prueba se desprende que distintos empleados del señor Acevedo eran enviados constantemente por éste a la referida sucursal a cambiar cheques.

El Tribunal Superior dictó sentencia en que ordenó el

reembolso al señor Acevedo de la suma de $6,500, más las costas del pleito. A petición del banco acordamos revisar.

■ Procede la revocación de la sentencia. Examinemos la situación bajo la Ley Uniforme de Instrumentos Negociables, insertada en nuestro Código de Comercio, Art. 353 y ss., 19 L.P.R.A. sec. 1 y ss. La sentencia del tribunal de instancia se funda equivocadamente en el Código Uniforme de Comercio de Estados Unidos, el cual no rige en Puerto Rico.

■ Tanto bajo la Ley Uniforme de Valores Negociables como bajo el Derecho Común angloamericano que aquélla intentó codificar, está establecido que cuando alguien firma en blanco un documento o valor negociable y otro, con autorización o sin ella, llena los blancos, el librador es responsable ante un tenedor de buena fe. J. W. Daniel, *A Treatise on the Law of Negotiable Instruments*, 5ta ed., Nueva York, Baker, Voorhis & Co., 1903, Vol. I, págs. 163 y ss., 854 y ss; J. M. Holden, *The History of Negotiable Instruments in English Law*, Londres, Athlone Press, 1955, págs. 141–142; F. Beutel, J. Brannan, *Beutel's Brannan Negotiable Instruments Law*, 7ma ed., Cincinnati, W. H. Anderson Co., 1948, págs. 122 y ss., 344 y ss.; B. Santiago Romero, *Tratado de Instrumentos Negociables*, 2da ed. rev., Río Piedras, Ed. Universitaria, 1981, págs. 106, 427. Esta norma se conoce como la regla de *Young* v. *Grote*, 130 E.R. 764 (1827). En cuanto al alcance y límites de esta doctrina, fundada en principios generales de negligencia, véanse: H. Bailey, *Brady on Bank Checks*, 5ta ed., Boston, Warren, Gorham & Lamont, 1979, Secs. 21.8, 21.9 y 25.2; *Michie on Banks and Banking*, Charlottesville, Michie Co., 1983, Vol. 5B, págs. 41 y ss., 136 y ss. Es interesante apuntar que el Código Uniforme de Comercio adopta en su Sec. 3-406 la norma de *Young* v. *Grote*, en *Brady on Bank Checks*, *op. cit.*, págs. 21–23 y 21-24.

El recurrido en este caso fue doblemente negligente. Fue

negligente al firmar el cheque en blanco y también al no notificar a tiempo al banco el hecho de su pérdida. Aun suponiendo, dentro de los hechos de este caso, que el banco fue negligente a su vez al no requerirle identificación al tenedor del cheque, los autos carecen de prueba para concluir que tal negligencia fue la causa eficiente del daño.

*Se revocará la sentencia recurrida.*