Negroni Cintrón, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Iván Ortiz Reyes, Myrta Suárez Calendario y Edgar Suárez Calendario nos solicitan la revisión de la sentencia dictada el 17 de junio de 1998 por el Tribunal de Primera Instancia, Sala Superior de Carolina, mediante la cual ese foro desestimó la demanda en ejecución de hipoteca por éstos instada contra los apelados, después de celebrar el juicio correspondiente. Los apelantes presentaron su proyecto de exposición narrativa de *648 la prueba oral, el cual no fue objetado por los apelados; por lo que habiendo al presentar su alegato en oposición al recurso apelativo, el recurso se perfeccionó y estamos en condiciones de dictaminar.
Examinemos el trasfondo procesal y fáctico pertinente de la causa.
I
El 7 de septiembre de 1994, los apelantes presentaron demanda por la vía ordinaria en ejecución de una hipoteca debidamente inscrita que garantizaba un pagaré al portador por la cantidad de $10,000.00, intereses a razón del nueve por ciento (9%) anual y la suma líquida de $1,000.00 para costas, desembolsos y honorarios de abogado, con vencimiento a la presentación. En ésta expusieron que los apelados Tomás Hernández Vargas, Iris Myrta Montalvo y la sociedad legal de gananciales compuesta por ambos eran dueños del inmueble que garantizaba el referido pagaré; que por valor recibido lo habían otorgado el 19 de junio de 1979 y que por no haber sido satisfecho, para el 18 de agosto de 1994 éste había devengado intereses por la suma de $13,650.00, habiendo los deudores renunciado expresamente a la presentación, protesto y aviso de no honrarse o pagarse dicho pagaré. No expusieron hechos que describieran de qué forma habían obtenido la posesión del pagaré o como lo habían negociado.
Los apelados contestaron la demanda admitiendo haber suscrito el pagaré hipotecario; que el mismo se otorgó como un pagaré de conveniencia, el cual nunca se negoció o circuló; que los apelantes no eran legítimos tenedores del referido pagaré; que lo habían adquirido ilegalmente de la caja fuerte de la residencia donde vivía el padre del coapelado Hernández Vargas, quien era el depositario del mismo, y que la hipoteca no había sido inscrita, entre otros hechos. Como defensas afirmativas pertinentes alegaron que la acción había prescrito por el transcurso de quince (15) años; que la coapelada Montalvo de Hernández no tenía interés alguno en el inmueble objeto de la acción pues le pertenecía privativamente a su esposo, el coapelado Hernández Vargas; que nunca negociaron el pagaré o lo entregaron a persona alguna o en garantía de deuda alguna, incluyendo a los apelantes; que el pagaré lo habían dejado en la caja fuerte del padre del coapelado Hernández Vargas, el Sr. Frank Hernández Lozano; que cuando éste falleció en 1988 el pagaré desapareció de la caja fuerte que éste tenía en su residencia y que los apelados le solicitaron en varias ocasiones a los apelantes que le devolvieran el pagaré, sin éxito alguno.
Los apelados reconvinieron solicitándole a los apelados el pago de la suma de cien mil dólares ($100,000.00) como compensación por los daños que le causó el que los apelantes usurparan la herencia del finado Frank Hernández Lozano. Expusieron en ésta que el coapelado Hernández Vargas es el único hijo de un primer matrimonio del finado Hernández Lozano; que en 1963 éste había contraído segundas nupcias con la Sra. Providencia Suárez Cuevas; que por haber sido escalada su residencia, el coapelado Hernández Vargas dejó el pagaré de referencia en la caja fuerte del finado Hernández Lozano mientras viajaba con su familia fuera de Puerto Rico; que al regresar olvidó recuperar el documento y que luego de fallecer su padre, la segunda esposa de éste también falleció y los herederos por testamento de ésta se apoderaron del pagaré y de otros bienes de su padre.
Celebrada una conferencia con antelación al juicio y sustituida la co-apelante, Myrta Suárez Calendario, por sus hijos herederos, debido al fallecimiento de la primera, se celebró la vista en su fondo de la causa. En ésta testificó el coapelante Iván Ortiz Reyes y el coapelado Tomás Hernández Vargas. El foro apelado también recibió prueba documental por estipulación.
Aquilatada la prueba testifical y documental ofrecida por las partes, el Tribunal a quo llegó a las siguientes determinaciones de hecho.
*649 El 19 de junio de 1979, el Sr. Tomás Hernández Vargas junto a su esposa Iris Mirta Montalvo suscribieron un pagaré al portador por la cantidad de $10,000.00, garantizado mediante una hipoteca sobre su propiedad localizada en Coral Beach. En el año 1985, los esposos Hernández Montalvo decidieron realizar un viaje, por lo que le dejaron el referido pagaré al padre del apelado, Frank Hernández Lozano para que éste lo conservara y custodiara hasta su regreso. Al regreso de su viaje, el coapelado Hernández Vargas no le reclamó a su padre el pagaré, ya que entendía que estaba en buenas manos.
El Sr. Frank Hernández estaba casado con la Sra. Providencia Suárez con quien residía en el hogar de ésta, localizado en la calle Hija del Caribe en Hato Rey. Durante el matrimonio de su padre con la Sra. Providencia Suárez, las relaciones de los apelados con ésta fue escasa.
En el año 1986, la Sra. Providencia Suárez falleció, por lo que los apelantes asumieron el control total de los bienes dejados por ella. Durante ese tiempo, los apelados no reclamaron el pago del pagaré objeto de la acción. Durante el año 1988 y luego de la muerte del Sr. Frank Hernández Lozano, los apelantes le reclamaron a los apelados el pago del pagaré por conducto de un abogado. El tribunal de instancia consignó, además, que los apelantes no presentaron prueba alguna que indicara que la Sra. Providencia Suárez retiró de sus cuentas bancadas la cantidad de $10,0000.00 como préstamo a los apelados y que el coapelante Iván Ortiz Reyes testificó que ella nunca acostumbraba a guardar dinero en su casa; que los apelantes desconocían que la Sra. Providencia Suárez tenía un pagaré en su caja de seguridad; que el coapelante indicado no recordó si al momento de abrir la caja de seguridad estaba presente el coapelado Hernández Vargas y la respuesta de éste sobre la procedencia del pagaré.
Determinó, además, que no le mereció credibilidad el testimonio del coapelante Ortiz Reyes y que el apelado testificó que nunca negoció el pagaré a la Sra. Providencia Suárez, ni a persona alguna.
Basado en las anteriores determinaciones de hecho, el tribunal apelado concluyó que los apelantes no adquirieron el pagaré mediante negociación con los apelados. Razonó que ello así, los derechos, si alguno, de los apelantes para exigir el pago de la obligación que representaba el pagaré dependían directamente del derecho que hubiese podido tener la Sra. Providencia Suárez frente a los apelados. Concluyó que el cesionario de un documento no cualificaba como tenedor de buena fe por derecho propio y está sujeto a las defensas que pueden tener los precedentes en el documento; que el pagaré nunca fue negociado, que meramente se le entregó al padre del coapelante Hernández Vargas para que lo custodiara y que los apelados deben ser relevados del pago de la obligación objeto de la referida demanda, así como de los remedios solicitados en la misma. Finalmente, desestimó la reconvención instada por los apelados. 
Inconformes, los apelantes acuden ante nos y en su escrito le imputan al tribunal de instancia la comisión de los siguientes señalamientos de error:

“Erró el Tribunal de Instancia al no determinar que el pagaré hipotecario, encontrado en la caja de seguridad de la causante de los demandantes [apelantes], era un bien privativo de ella y donde se encontraron además otros documentos personales de la causante.

Erró el Tribunal de Instancia al no declarar a la parte demandante-apelante como tenedores de buena fe por herencia del pagaré hipotecario objeto del litigio.

Erró el Tribunal de Instancia en la apreciación de la prueba como error de derecho y desestimar la demanda de ejecución de hipoteca, indicando que no le mereció credibilidad alguna la declaración del demandante [apelanteJ. ”

*650 En su primer señalamiento de error, aducen que de la prueba presentada surge que los apelantes advinieron en la posesión del referido pagaré por herencia; que el pagaré fue encontrado entre los papeles y documentos privados de su causante, la Sra Providencia Suárez, en una caja fuerte de su propiedad privativa y que éste está garantizado por hipoteca sobre un inmueble de los apelados. Reiteran que no cabe duda que dicho pagaré es un instrumento negociable, un pagaré debidamente otorgado y garantizado mediante hipoteca sobre un bien inmueble y con vencimiento a la presentación. Al discutir el segundo señalamiento de error nos señalan que los apelantes son tenedores de buena fe del pagaré. Alegan que la defensa de los apelados de que el pagaré “no se suscribió por el valor recibido, el mismo se hizo como un pagaré de conveniencia el cual no se negoció nunca ni se tuvo la intención de circular” no es otra cosa que una defensa de fraude de acreedores y alegada por el deudor. Plantean que de haberse celebrado un contrato en fraude de acreedores, la defensa de que no existía causa o de que no se otorgó a título gratuito sólo la podía invocar un acreedor, nunca un deudor, como los apelados.
Al discutir el último error, señalan que, a pesar de que el tribunal de instancia no le dio credibilidad al testimonio del apelante, el foro formuló determinaciones de hecho que surgen de su testimonio, como por ejemplo el lugar donde se encontró el pagaré.
Los discutiremos conjuntamente.
II
Es norma reiterada en nuestra jurisdicción que los tribunales apelativos no intervendrán con la apreciación que de la prueba desfilada haya hecho el Tribunal de Primera Instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Belk Arce v. Martínez, Op. de 30 de junio de 1998, 98 J.T.S. 92, a la pág. 1315; Orta v. Padilla, Op. de 1995, 95 J.T.S. 21, a la pág. 668; Rodríguez v. Machado, Op. de 1994, 94 J.T.S. 82, a la pág. 12008; Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8, 14 (1987); Valencia Ex Parte, 116 D.P.R. 909, 912 (1986). A su vez, la Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone los siguiente:

“...Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos... ”.

Por otro lado, tampoco se intervendrá con la adjudicación de credibilidad que haya hecho el juzgador de hechos, excepto en casos en que haya incurrido en prejuicio o error manifiesto. Flores Santiago v. Domínguez, Op. de 30 de junio de 1998, 98 J.T.S. 96, a la pág. 1354; W. Stokes v. Serrano Lecaroz, Op. de 24 de abril de 1998, 98 J.T.S. 48, a la pág., 850; López Vicil v. ITT Intermedia, Op. de 4 de abril de 1997, 97 J.T.S. 42, a la pág. 838; Quiñones López v. Manzano Pozas, Op. de 25 de junio de 1996, 96 J.T.S. 95, a la pág. 1305. Esto es así, ya que es ante el juzgador de los hechos que declaran los testigos y éste es quien tiene la oportunidad de verlos declarar y apreciar su comportamiento (“demeanor”). Ramos Acosta v. Caparra Dairy, Inc., 113 D.P.R. 357, 365 (1982). En tales casos, el juzgador de los hechos es quien está indudablemente en la mejor posición para aquilatar la prueba testifical desfilada. Ortiz v. Cruz Pabón, 103 D.P.R. 939, 946 (1975).
Aunque las determinaciones del juzgador del tribunal a quo gozan de gran deferencia y no tienen credenciales de inmunidad frente a nuestra función revisora, Vda. de Morales v. De Jesús Toro, 107 D.P.R. 826, 829 (1978), sólo intervendremos con aquellas determinaciones de un tribunal que haya incurrido en abuso de discreción o en aquellos casos en que determinemos que ha actuado movido por pasión, prejuicio, parcialidad o error manifiesto. Aponte Rivera v. Sears Roebuck, Op. de 24 de febrero de 1998, 98 J.T.S. 12, a la pág. 548; Méndez de Rodríguez v. Morales Molina, Op. de 15 de noviembre de 1996, 96 J.T.S. 149, a la pág. 347; Benitez Guzmán v. García Merced, 126 D.P.R. 302 (1990).
*651 En la causa que nos ocupa, la exposición narrativa de la prueba sometida apoya las determinaciones formuladas por el tribunal apelado a base de la credibilidad que le merecieron los testimonios que brindaron las partes durante el juicio. Los apelantes no han justificado que debamos intervenir con la credibilidad que el tribunal a quo le concediera al testimonio del coapelado Hernández Vargas. El argumento de los apelantes de que el tribunal de instancia formuló algunas determinaciones de hechos basado en el testimonio vertido por el coapelante Ortiz Reyes no afecta la conclusión del foro apelado en cuanto a que no le mereció credibilidad su testimonio. El juzgador de hecho puede creer partes de un testimonio. No está obligado a creer o a rechazar todo lo que declara un testigo. Puede estimar creíble parte de un testimonio e increíble otra.
III
Realmente y para adjudicar la controversia que suscita las posiciones asumidas por las partes en la causa que nos ocupa, lo determinante es decidir si los apelantes son tenedores de buena fe que pueden reclamar el pago de la obligación que representa el pagaré al portador hipotecario que otorgaron los apelados. El tribunal de instancia contestó correctamente en la negativa dicha cuestión. Veamos.
La presente controversia está regida por la anterior Ley Uniforme de Instrumentos Negociables. Este estatuto establecía que todo tenedor de buena fe posee el instrumento libre de defectos en el título de propiedad de las partes que le hubieran precedido y que tiene derecho a exigir el pago del importe total del documento a todas las partes obligadas a dicho pago, sin responsabilidad en cuanto a las alegaciones que dichas partes pudieran levantar entre sí. 19 L.P.R.A. sec. 97; véase, además, 19 L.P.R.A. sec. 91; Acevedo v. Citibank, 115 D.P.R. 768, 769 (1984). Dispone que será considerado tenedor de buena fe aquél que hubiere tomado el documento con arreglo a las siguientes circunstancias:

“(1) Que esté completo y sea regular en su apariencia;

(2) que se convirtió en tenedor del mismo antes de estar vencido, y sin tener conocimiento de que su aceptación o pago había sido rehusado previamente, si ese fuere el caso;

(3) que lo tomó de buena fe y por causa onerosa;

(4) que cuando le fue negociado no tenía conocimiento de defecto alguno en el documento, o en el derecho de la persona que lo negoció. ” (Enfasis nuestro.) 19 L.P.R.A. sec. 92.
El primero de estos requisitos requiere que el documento esté completo y sea regular en su apariencia. El vocablo “completo ” se refiere a la presencia en el documento de los requisitos esenciales que exige el Artículo 354 del Código de Comercio para que el documento se considere válido. La frase “regular en su apariencia” exige que el documento no tenga alteraciones o defectos irregulares. El segundo requisito presume que una persona sospecha de un documento vencido que, en lugar de cobrar, se le quiere negociar; por tanto, sólo concede la condición de buena fe al tenedor que adquiere un documento antes de su vencimiento. El tercer requisito consiste en que el tenedor adquiriente no haya tenido conocimiento real de la informalidad del documento ni de hechos que en el acto suyo de tomar el documento implicasen mala fe y que el tenedor de buena fe haya pagado por el documento adquirido. El cuarto requisito, por su parte, trata de los defectos en el título del documento a los cuales se refiere el Artículo 408 del Código de Comercio, 19 L.P.R.A. sec. 95. Allí se señala que el derecho de propiedad de la persona que negociare un documento será defectuoso cuando se obtuviere el documento, o cualquier firma en el mismo, por medio de fraude, coacción, violencia y temor, o cualquier otro medio ilegal, o por una causa ilícita, o cuando lo negociare de mala fe, o en circunstancias tales que equivalgan a fraude. Los requisitos tercero y cuarto conjuntamente nos expresan lo que constituye “buena fe”. B. Santiago Romero, Tratado de Instrumentos Negociables, Río Piedras, Ed. Univ., 2 ed. 1981, págs. 167- *652 170.
Según el Artículo 410 del Código de Comercio, 19 L.P.R.A. sec. 97, los derechos y facultades del tenedor de buena fe son los siguientes:

“Todo tenedor de buena fe posee el documento libre de defectos en el título de propiedad de las partes que le hayan precedido, y sin responsabilidad en cuanto a las alegaciones que, en su defensa, pudieran utilizar esas mismas partes entre sí, y podrá exigir el pago del importe total del documento a todas las partes responsables de dicho pago. ”

Los derechos y facultades del tenedor de buena fe corresponden igualmente a cualquier tenedor que derive su derecho de un tenedor de buena fe. En cuanto a esto, el Artículo 411 del Código de Comercio, 19 L.P.R.A. sec. 98, dispone que “un tenedor que derive su derecho del de un tenedor de buena fe, y que no haya sido parte en fraude o ilegalidad alguna que afecte al documento, tendrá todos los derechos de dicho tenedor anterior en lo que respecta a todas las partes que hayan precedido al último. ”
Las defensas personales son aquellas que son oponibles entre las partes originales del contrato o contra cualquiera otra que haya adquirido el documento y no sea tenedor de buena fe. La inoponibilidad de dichas defensas contra el tenedor de buena fe constituye una atribución de derechos superiores a los que gozaba el tenedor original en tanto que las defensas disponibles contra aquél quedan vedadas. La condición de tenedor de buena fe supone que un tenedor cumpla con los cuatro requisitos del Artículo 405 del Código de Comercio, supra, o derive sus derechos de un tenedor de buena fe a tenor con el Artículo 411 del mismo Código.
A favor de todo tenedor de instrumento negociable existe una presunción de tenedor de buena fe. Tal presunción opera en virtud de lo dispuesto en el Artículo 412 del Código de Comercio, 19 L.P.R.A. sec. 99, que establece:

“Todo tenedor será considerado, prima facie, como tenedor de buena fe; pero cuando se probare que era defectuoso el título de la persona que ha negociado el documento, el peso de la prueba recaerá sobre el tenedor para justificar que él o la persona de quien hubiere derivado su título adquirió éste en concepto de tenedor de buena fe. Pero esta última regla no podrá invocarse en favor de quien quedó obligado en el documento antes de la adquisición de dicho título defectuoso. ”

Dicha presunción implica que quien cuestiona la condición de tenedor de buena fe de un tenedor de instrumento negociable viene obligado a controvertirla. Silva v. D.G.S.T. Two, Inc., 113 D.P.R. 747 (1983). Todo tenedor será considerado, prima facie, como tenedor de buena fe y que corresponde a la parte que cuestiona su título el peso de la prueba para establecer lo contrario. Una vez se establezca que el título de la persona que negoció el documento es defectuoso, el peso de la prueba recaerá sobre el tenedor para justificar que él o la persona de quien ha derivado su título adquirió éste en concepto de tenedor de buena fe. 19 L.P.R.A. sec. 99.
A la luz de los anteriores preceptos y considerada la prueba que recibió durante el juicio celebrado, el tribunal de instancia concluyó correctamente que los apelantes no cumplieron con los requisitos para adquirir el carácter de tenedores de buena fe y que no tenían derecho a reclamar la obligación a que se refería el pagaré hipotecario objeto de la acción incoada por ellos.
Luego de examinar cuidadosamente los autos ante nos y la exposición narrativa de la prueba presentada, los apelados establecieron mediante prueba testifical que el pagaré hipotecario había sido entregado al padre *653 del coapelado, el finado Hernández Lozada, para que lo guardara y protegiera. Demostraron que no negociaron el pagaré y que no recibieron dinero alguno por causa onerosa a cambio de la entrega del pagaré. En tales circunstancias, le correspondía a los apelante demostrar que los apelantes, el finado Hernández Lozano o la segunda esposa de éste, la Sra. Providencia Suárez, sí habían negociado el pagaré. Como revelan las determinaciones de hecho de la sentencia apelada y la exposición narrativa de la prueba, no lo hicieron.
La exposición narrativa de la prueba sometida demuestra tal y como concluyó el tribunal apelado que los apelantes encontraron el pagaré al portador hipotecario objeto de la acción, cuando abrieron la caja fuerte que estaba en la residencia de su madre, la Sra. Providencia Suárez, una vez ésta falleció. Ello demuestra sin lugar a dudas que los apelantes desconocían cómo el pagaré de referencia llegó a la posesión de su madre y si su madre o el finado Hernández Lozano negociaron el pagaré. Tampoco establecieron que ellos hubieran negociado el pagaré por causa onerosa.
Habiendo creído esto, el tribunal de instancia no cometió error alguno al concluir que los apelantes no eran tenedores de buena fe y que, por ende, no procedía la reclamación que habían formulado en su demanda. Estos no cumplen con todos los requisitos por la ley para que se les considere como tenedores de buena fe. Al creerse la versión ofrecida por los apelados y toda vez que los apelantes no demostraron que negociaron por causa onerosa el pagaré, los apelados demostraron preponderantemente que los apelantes no eran tenedores de buena fe de un instrumento negociable.
Por los fundamentos antes expuestos, se confirma la sentencia apelada.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 14
1. Toda vez que esta parte de la sentencia no ha sido apelada, resulta innecesario expresarnos sobre el particular.
2. La Ley Uniforme de Instrumentos Negociables fue derogada por la Ley Núm. 208 del 17 de agosto de 1995, 19 L.P.R.A. secs. 401 y ss. (Supl. 1998).
3. El Artículo 354 de la Ley Uniforme de Instrumentos Negociables, 19 L.P.R. A. see. 2, establece:

"Para que sea negociable un documento, deberá ajustarse a los siguientes requisitos:

(1) Deberá ser por escrito y firmado por el que lo hiciere o librare;

(2) contendrá la promesa u orden incondicional de pagar una suma cierta en dinero;

(3) será pagadero a la vista, en fecha fija o futura determinable;

(4) será pagadero a la orden o al portador, y

(5) cuando el documento se dirija a un librado, deberá nombrársele o de otro modo indicarse en el mismo con razonable certeza. ”